IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-87-KS

| | |
|---|---|
| RONALD E. VANDIFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court pursuant to Fed. R. Civ. P. 12(c) on the parties' cross motions for judgment on the pleadings [DE # 29 & 31], the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Plaintiff Ronald E. Vandiford filed this action pursuant to 42 U.S.C. §§ 405(g) seeking judicial review of the denial of his application for disability insurance benefits. The parties have fully briefed the issues, and the pending motions are ripe for adjudication. On March 25, 2015, the court held oral argument in the matter. The court has carefully reviewed the administrative record and the motions and memoranda submitted by the parties and considered the arguments of counsel. For the reasons set forth below, the court grants Plaintiff's Motion for Judgment on the Pleadings, denies Defendant's Motion for Judgment on the Pleadings and remands this matter to the Commissioner for further proceedings.

## STATEMENT OF THE CASE

Plaintiff applied for disability insurance benefits on April 27, 2011, alleging disability beginning January 6, 2011. (Tr. 73.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (Tr. 124-25.) On June 17, 2013, a hearing was held before Administrative Law Judge Odell Grooms ("ALJ"), who issued an unfavorable

ruling on July 26, 2013. (Tr. 13-24.) Plaintiff's request for review by the Appeals Council was denied, making the ALJ's decision the final decision of the Commissioner. (Tr. 1.) Plaintiff now seeks judicial review of the final administrative decision.

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original). "'In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].'" *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997). ). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler,* 715 F.2d 148, 150 (4th Cir. 1983).

2

## II. Disability Determination Process

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473, 74 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id.*

## III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Act. (Tr. 23.) At step one, the ALJ found Plaintiff had not been engaged in substantial gainful employment since January 6, 2011, the alleged onset date. (Tr. 15.) Next, he determined that Plaintiff had the following severe impairments: diabetes mellitus, cervical degenerative disc disease, status-post cervical anterior fusion, status-post exploration of prior cervical fusion, major depression (moderate and recurrent) and anxiety disorder with panic attacks. (Tr. 15.) The ALJ also found that Plaintiff had gastroparesis with opiate withdrawal, which the ALJ determined to be a non-severe impairment. (Tr. 15.) At step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination,

3

to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16.)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC"), and found that Plaintiff had the ability to perform a reduced range of sedentary work. (Tr. 17-22.) The ALJ further determined that Plaintiff was not able to perform his past relevant work but, based upon his age, education, work experience and RFC, is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy. (Tr. 22-23.)

## IV. Plaintiff's Contentions

Plaintiff challenges the Commissioner's final decision denying benefits on two grounds. Plaintiff first contends that the ALJ erred by failing to consider whether his impairments meet or medically equal Listing 1.04A (disorders of the spine). Second, Plaintiff asserts that the ALJ failed to properly evaluate the opinions of his treating physicians Dr. Finestone[1] and Dr. Liebelt.

### A. Medical Listing 1.04A

In determining whether a listing is met or equaled, an ALJ must consider all evidence in the case record about the claimant's impairments and their effects on the claimant. 20 C.F.R. § 404.1526(c). Where a claimant has a severe impairment and the record contains evidence that symptoms related to the impairment "correspond to some or all of the requirements of a listing," it is incumbent upon the ALJ to identify the listing and to compare the claimant's symptoms to each of the listing's requirements. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir.1986). While it may not always be necessary for the ALJ to perform a "step-by-step" analysis of the listing's criteria, the ALJ must evaluate the claimant's symptoms in light of the specified medical criteria

---

[1] The ALJ's decision mistakenly names Plaintiff's psychiatrist as "Dr. Firestone."

and explain his rationale. *Williams v. Astrue*, No. 5:11–CV–409–D, 2012 WL 4321390 (E.D.N.C. Sept. 20, 2012). An ALJ's failure to compare a claimant's symptoms to the relevant listings or to explain, other than in a summary or conclusory fashion, why the claimant's impairments do not meet or equal a listing "makes it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013); *see also Cook*, 783 F.2d at 1173.

Listing 1.04A covers disorders of the spine, including degenerative disc disease, resulting in compromise of a nerve root or the spinal cord. 20 C.F.R. Part 404, Subpt. P, App. 1, § 1.04. To merit a conclusive presumption of disability under Listing 1.04A, a claimant must demonstrate "[e]vidence of nerve root compression characterized by [1] neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, [4] positive straight-leg raising test (sitting and supine)." 20 C.F.R. Part 404, Subpt. P, App. 1, § 1.04A. "A claimant need not show that each symptom was present . . . simultaneously" or in close proximity to each other. *Radford*, 734 F.3d at 294. Rather, it is sufficient if the claimant shows "that he experienced the symptoms 'over a period of time,' as evidenced by 'a record of ongoing management and evaluation.'" *Id.*

In this case, the ALJ made a conclusory determination that Plaintiff's impairments, considered singly and in combination, "do not meet or medically equal any impairment listed in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 16.) While the ALJ detailed the reasons for his determination that Plaintiff's mental impairments do not meet the criteria of Listings 12.04 and 12.06, his decision is completely devoid of any reasoning to support his determination that Plaintiff's physical impairments do not meet or equal a listing. Rather, he simply states that he

5

"assessed [Plaintiff's] physical impairments under §1.00 *Musculoskeletal System* and §9.00 *Endocrine Disorders*, but the medical evidence falls short of the criteria of the section, and no medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination." (Tr. 16.) Despite the ALJ's assessment, there is ample evidence in the medical record of nerve root compression with cervical radiculopathy (Tr. 378, 558, 561, 565-70, 843-44), limitations in Plaintiff's cervical range of motion (Tr. 425, 446, 514, 558, 844), muscle weakness (Tr. 380, 425, 446, 514-16, 558), and sensory loss (Tr. 400, 402, 407, 514). Consequently, it was error for the ALJ not to consider and discuss whether Plaintiff's impairments meet or equal the criteria set forth in Listing 1.04A.

      B.      Medical Opinions

The ALJ further erred in discrediting Dr. Finestone's opinions on the basis that "psychiatry is outside his area of specialty." (Tr. 21.) The record demonstrates, and the Commissioner concedes, that Dr. Finestone is a practicing psychiatrist. (Tr. 833-42; Mem. Supp. Df.'s Mot. J. Pleadings [DE #32] at 14.) The court is unable to say that the ALJ's error in this regard is without consequence, and the case must therefore be remanded to the Commissioner for further consideration of Dr. Finestone's opinions.

The ALJ further found Dr. Liebelt's opinions, which include opinions as to Plaintiff's psychiatric state, unsupported by the record. (Tr. 21.) Because the ALJ's error in evaluating Dr. Finestone's opinions may have impacted the weight given Dr. Liebelt's opinions, further consideration must also be given on remand to Dr. Liebelt's opinions.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings [DE #29] is GRANTED, Defendant's Motion for Judgment on the Pleadings [DE #31] is DENIED and the case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

This 4th day of June 2015.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge